IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL ROBERT WICKLUND,

        Petitioner,                    No. CIV-S-09-3330 DAD (TEMP)

    vs.

D.K. SISTO,

        Respondent.

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for writ of habeas corpus under 28 U.S.C. § 2254. The parties have previously consented to magistrate judge's jurisdiction over this action pursuant to 28 U.S.C. § 636(c). Respondent has filed a motion to dismiss on the ground that the petition was filed beyond the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Petitioner has filed an opposition.

I.    <u>Background</u>

        On April 12, 2002, petitioner was sentenced, pursuant to his guilty plea, in the Sutter County Superior Court on two counts of first degree burglary. Petitioner also admitted at that time to using a firearm in the commission of one of the offenses. He was sentenced to a determinate prison term of sixteen years in state prison. (Lodged Document 1.)

1

1  Petitioner appealed his judgment of conviction.  On October 30, 2002, the
2  California Court of Appeal for the Third Appellate District, directed the trial court to correct the
3  abstract of judgment to reflect that petitioner had pled guilty on one count to first degree burglary
4  and not second degree burglary, but otherwise affirmed the judgment.  (Lodged Doc. 2.)
5  Petitioner did not seek review in the California Supreme Court.
6  Petitioner filed his first post-conviction collateral challenge in Sutter County
7  Superior Court on April 7, 2003.  (Lodged Doc. 3.)  That petition was denied on April 21, 2003.
8  Petitioner then filed a habeas petition in the California Court of Appeal for the Third Appellate
9  District, on May 6, 2003. (Id.)  The petition was denied nine days later, on May 15, 2003.
10 Petitioner would not file another collateral challenge to his conviction or sentence until
11 September 17, 2008, when he again filed a petition for writ of habeas corpus in Sutter County
12 Superior Court.  (Lodged Doc. 5.)  Petitioner pursued that challenge through every level of the
13 state habeas process, culminating in the California Supreme Court's denial of his petition on
14 August 12, 2009.  (Lodged Docs 9, 10.)  He filed the instant federal petition for writ of habeas
15 corpus in this court on November 29, 2009.

16 II.   Statute of Limitations

17 Respondent argues that the petition is untimely.  Under the Antiterrorism and
18 Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a
19 petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the
20 judgment of a state court.  28 U.S.C. § 2244(d)(1).  The statute of limitations applies to all
21 federal habeas petitions filed after the statute was enacted on April 24, 1996.  Lindh v. Murphy,
22 521 U.S. 320, 322-23 (1997).  The statute provides, in relevant part:

23  (d) (1) A 1-year period of limitation shall apply to an application
for a writ of habeas corpus by a person in custody pursuant to the
24  judgment of a State court. The limitation period shall run from the
latest of –
25 /////
26 /////

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  Under § 2244(d)(1)(A), the time for petitioner to file a federal habeas petition began running when his judgment of conviction became final. Because petitioner did not seek review in the California Supreme Court, the judgment of conviction became final upon the expiration of the time for seeking review from the Court of Appeal. Under California law, that was forty days after the Court of Appeal filed its opinion, or December 9, 2002. See Cal. Rules of Court, Rules 8.500(e)(1); 8.264(b)(1); Cal. Civ. Proc. Code § 12a; Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002) abrogation on other grounds recognized, Moreno v. Harrison, 245 Fed. Appx. 606 (9th Cir.2007); Garcia v. Warden, Mule Creek State Prison, 2010 WL 5317334 at *1 (E.D. Cal.). The one-year limitations period started the next day, December 10, 2002, and, absent any tolling, expired on December 9, 2003. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

  The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the underlying judgment or sentence. Nino v. Galaza, 183 F.3d 1003,

1006-07 (9th Cir. 1999). However, a state petition filed after the limitations period has run will neither revive nor toll the statute of limitations. Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). Moreover, the filing of a federal habeas action does not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 172 (2001); King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009).

Here, petitioner filed his first state habeas petition on April 7, 2003. Therefore, 118 days of the statutory period elapsed before the tolling period began upon the filing of that habeas petition in the Sutter County Superior Court. When the California Court of Appeal denied petitioner habeas relief on May 15, 2003, the AEDPA limitations period began running again the next day.[1] The tolling of the statute of limitations re-set the expiration of the one-year limitations period for the filing of a federal habeas petition at January 20, 2004.[2]

However, petitioner did not return to state court for his next collateral challenge to his underlying conviction until September 17, 2008. By then the statute of limitations for the filing of a federal habeas petition had long since expired. The filing of a new state habeas petition cannot reinitiate or revive the limitations period once it has expired. See Ferguson v.

---

[1] Generally, "the statute of limitations is tolled from the time of the state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). However, as noted above, petitioner did not seek habeas relief from the California Supreme Court within a reasonable period of time following the denial of relief by the state appellate court. See See Evans v. Chavis, 546 U.S. 189, 192 (2006) (Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." ); see also Banjo v. Ayers, 614 F.3d 964, 970 (9th Cir. 2010) (unexplained delay of 146 days by California prisoners in seeking state habeas relief from the next highest state court is unreasonable for purposes of statutory tolling of the AEDPA statute of limitations); Chaffer v. Prosper, 592 F.3d 1046, 1048 & n.1 (9th Cir. 2010) (unexplained delays of 101 and 115 held to be unreasonable).

[2] The time between petitioner's first filing in the Sutter County Superior Court and the California Court of Appeal's denial of relief was thirty-nine days. That would have extended the last day of the limitations period to January 18, 2004, a Sunday. January 19, 2004 was the federal Martin Luther King, Jr. holiday, so the last day for petitioner to timely file a federal habeas petition would have been Tuesday, January 20, 2004.

Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner seeks the benefit of 28 U.S.C. § 2244(d)(1)(C), which starts the statute of limitations running from the date upon which the Supreme Court recognizes a new constitutional right that has been made retroactively applicable to cases on collateral review. Petitioner argues that his petition pending before this court seeks relief based on the holding in Cunningham v. California, 549 U.S. 270 (2007), in which the Supreme Court concluded that California's determinate sentencing law was unconstitutional because it authorized the trial judge, not a jury, to make factual determinations that would expose a defendant to upper-term sentencing. The argument is unpersuasive.

Petitioner cannot rely on Cunningham to avoid the bar of the statute of limitations. In Butler v. Curry, 528 F.3d 624, 635 (9th Cir.), cert. denied, __ U.S. __, 129 S. Ct. 767 (2008), the Ninth Circuit found that Cunningham did not establish a new rule of law, as required under § 2244(d)(1)(C). Instead, the court found that the decision in Cunningham was simply a California-specific application of the holdings by the United States Supreme Court in Blakely v. Washington, 542 U.S. 296 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000). Butler, 528 F.3d at 639. Moreover, the Ninth Circuit has held that Blakely and Apprendi do not apply retroactively to cases on collateral review, which is also a condition for the commencement of a new limitations period from the announcement of a new constitutional right. Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005). Therefore, none of the cases on which petitioner might rely satisfies the two requirements of 28 U.S.C. § 2244(d)(1)(C). Accordingly, the habeas petition pending before this court is time-barred.

Finally, petitioner vaguely suggests that he should be allowed to proceed in seeking federal habeas relief based upon newly discovered evidence. In this regard, he writes that his sister testified against him in the state court proceedings, and now, many years later, her actions with respect to their deceased father's estate "shows motivation to testify against

/////

petitioner for personal gain, which was not apparent until recently."[3]  (Opp'n (Doc. No. 12) at 4.) Petitioner does not allege that his sister's testimony was false, nor does he specify what facts she testified about at his trial.  He suggests only that in light of more recent events, his sister had ulterior motives for testifying against him and that her testimony was a factor in the trial court's decision to impose an upper-term sentence.

Title 28 U.S.C. § 2244(d)(1)(D) states that the one-year statute of limitations on a claim based on newly discovered evidence begins running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Newly discovered evidence provides a basis for habeas relief only where it bears on the constitutionality of the petitioner's conviction, Herrera v. Collins, 506 U.S. 390, 400 (1993), or if the evidence would probably produce an acquittal.  Jeffries v. Blodgett, 5 F.3d 1180, 1187-88 (9th Cir. 1993).  Again, petitioner does not state what bearing, if any, his sister's testimony had on the constitutionality of his conviction, nor is any apparent connection between her testimony and the claims set forth in his pending petition.  Petitioner has failed to make any showing that he has newly discovered evidence that could constitute the basis for the granting of federal habeas relief.  Therefore, this final argument by petitioner does not provide any basis upon which to save this action from being deemed time-barred.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (Doc. No. 9) is granted;

2. The Clerk of the Court is directed to close this case; and

/////

---

[3] Because petitioner pled guilty to both counts of burglary and never stood trial, this court presumes that petitioner is referring to testimony his sister gave either at a preliminary examination or at his sentencing hearing. However, the court notes that the transcript of the sentencing hearing, which petitioner has attached to his petition, does not contain any statement or appearance by his sister. See Petition, Exhibit F; Lodged Doc. 9.

3.  Because petitioner has not made a substantial showing of the denial of a constitutional right for any of the issues presented in the instant petition, a certificate of appealability is denied.

DATED: February 9, 2011.

                                              DALE A. DROZD
                                              UNITED STATES MAGISTRATE JUDGE

hm
wick3330.157

7